**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X   Case No.

JULIE A. TROWERS,

                                                  Plaintiff,

                                       -against-

UNIVERSAL PROTECTION SERVICE, LLC d/b/a
ALLIED UNIVERSAL,

                                              Defendant.
-------------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, Julie A. Trowers, by her attorney, The Law Office of Joshua P. Frank, PLLC, hereby complains of Defendant, Universal Protection Service, LLC d/b/a Allied Universal, as follows:

## NATURE OF THE CASE

1. Plaintiff Julie A. Trowers complains pursuant to the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq*. (hereinafter the "NYCHRL"), seeking to redress the injuries she has suffered as a result of being subjected to gender discrimination (sexual harassment) as a Security Guard employed by Defendant Universal Protection Service, LLC d/b/a Allied Universal.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 28 U.S.C. § 1332 in that there is complete diversity of citizenship, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the discriminatory conduct alleged herein occurred within the Southern District of New York.

1

**PARTIES**

4. Plaintiff Julie A. Trowers is a resident of the State of New York and Kings County.

5. Defendant Universal Protection Service, LLC d/b/a Allied Universal (hereinafter "Allied Universal") is a foreign limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of Delaware, with its corporate headquarters located at 161 Washington Street, Suite 600, Eight Tower Bridge, Conshohocken, Pennsylvania 19428.

6. At all times relevant, Allied Universal, a security and facility services company, provided security personnel to New York University, wherein the discriminatory conduct at issue occurred.

**MATERIAL FACTS**

7. On July 29, 2022, Plaintiff Julie A. Trowers began her employment for Allied Universal as a Security Guard.

8. At all times relevant, Allied Universal assigned the Plaintiff to work as a patrol Security Guard in and around New York University's Gould Plaza, located on West 4th Street between Washington Square East and Mercer Street in Manhattan.

9. New York University's Stern School of Business, Warren Weaver Hall, the Courant Institute of Mathematics, and dormitories are located at Gould Plaza.

10. Before reporting to her assigned post at Gould Plaza, the Plaintiff received training from Allied Universal from June 2 through June 4, 2022.

11. As part of the Plaintiff's onboarding, she received sexual harassment training.

12. Thereafter, on August 8, 2022, the Plaintiff became a victim of sexual harassment by an Allied Universal Security Guard named Earl Anderson.

13. On August 8, 2022, Allied Universal directed the Plaintiff to train Mr. Anderson with respect to the patrol route at Gould Plaza.

14. As the Plaintiff was showing Mr. Anderson the patrol route, Mr. Anderson boasted that Allied Universal did not require him to undergo sexual harassment training.

15. Mr. Anderson further remarked that Allied Universal did not require him to submit his fingerprint, take a drug test, or consent to a criminal background search.

16. The Plaintiff was surprised to hear that Allied Universal had been so cavalier with the hiring of a security guard.

17. As they continued on the patrol route, the Plaintiff observed Mr. Anderson looking around carefully. He then remarked, "I'm trying to see where all the cameras are."

18. Mr. Anderson then said, "I'm horny, I'm gonna handle it," and took his penis out as he began masturbating.

19. Among other disturbing remarks, he told the Plaintiff to stand in front of him.

20. The Plaintiff was shocked but felt she would need proof in order to be believed about Mr. Anderson's egregious conduct; the Plaintiff managed to take a brief recording.

21. The Plaintiff felt she also needed to act calmly because she was scared for her safety due to Mr. Anderson's much larger and stronger build.

22. Following the incident, the Plaintiff promptly notified the appropriate personnel regarding Mr. Anderson's conduct.

23. Although, upon information and belief, Mr. Anderson is no longer employed by Allied Universal, the Plaintiff continues to suffer from significant emotional distress and anxiety.

24. It is estimated that Mr. Anderson masturbated for roughly three minutes during which time Allied Universal's supervisors and/or managers should have discovered his conduct through reasonable workplace monitoring of the premises.

25. Furthermore, according to the New York State Division of Licensing Services, Mr. Anderson was employed by Allied Universal without the required Security Guard license.

26. As a security company providing security officers for the safety and welfare of students, faculty, staff, and visitors to New York University, Allied Universal was grossly negligent in failing to train Mr. Anderson, an unlicensed Security Guard, regarding sexual harassment as well as in failing to screen him by way of fingerprinting, drug testing, and a criminal background search.

27. By neglecting the foregoing, Allied Universal not only put New York University's campus at risk but also placed the safety and welfare of its own employees at risk.

28. Furthermore, by neglecting the foregoing, Allied Universal failed to exercise reasonable diligence to prevent Mr. Anderson's sexual harassment of the Plaintiff.

29. As a result, the Plaintiff has been unlawfully discriminated against, degraded, humiliated, and victimized due to her gender and has endured a hostile work environment based upon her gender (sexual harassment).

30. As a result of the acts and conduct complained of herein, the Plaintiff has suffered, and will continue to suffer, from significant emotional distress, mental anguish, pain and suffering, and other non-pecuniary losses.

31. Allied Universal was reckless in its omissions and negligence despite full knowledge of the law.  As such, the Plaintiff demands punitive damages from the Defendant.

## FIRST CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NYCHRL

32. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint and incorporates same herein.

33. The NYCHRL, § 8-107(1), provides, in pertinent part that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or immigration or citizenship status of any person: . . . (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment."

34. As alleged in the factual averments of this Complaint, the Defendant engaged in unlawful employment practices prohibited by the NYCHRL by discriminating against the Plaintiff because of her gender by subjecting her to a hostile work environment due to her gender (sexual harassment).

## SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NYCHRL

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint and incorporates same herein.

36. The NYCHRL, § 8-107(13), "Employer liability for discriminatory conduct by employee, agent or independent contractor," provides, in pertinent part:

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    [. . . .]
    3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

37. As alleged in the factual allegations of this Complaint, the Defendant is liable pursuant to the NYCHRL, § 8-107(13)(b)(3), as the Defendant should have known of Mr. Anderson's discriminatory conduct and failed to exercise reasonable diligence to prevent such conduct.

## JURY DEMAND

38. Plaintiff Julie A. Trowers hereby requests a trial by jury.

**WHEREFORE**, Plaintiff Julie A. Trowers respectfully requests a judgment against the Defendant, as follows:

A. Declaring that the Defendant engaged in unlawful employment practices prohibited by the NYCHRL in that the Defendant discriminated against the Plaintiff because of her gender by subjecting the Plaintiff to a hostile work environment due to her gender (sexual harassment);

B. Awarding damages to the Plaintiff resulting from the Defendant's unlawful employment practices and conduct, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for significant mental anguish, emotional distress, and pain and suffering;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of this action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Carle Place, New York
September 13, 2022

                              **THE LAW OFFICE OF
JOSHUA P. FRANK, PLLC**

By: *Joshua P. Frank*
**Joshua P. Frank, Esq.**
*Attorney for Plaintiff*
1 Old Country Road, Suite 385
Carle Place, New York 11514
(516) 416-4444
jfrank@jpfranklaw.com